PERCY H. WILLIAMS *vs.* PERCY J. LANCASTER.

Somerset.    Opinion December 19, 1920.

*Replevin.  Sale of personal property.  Bona fide purchaser.  Adequate consideration.  Notice of previous sale.  Delivery.*

This is an action of replevin brought by the plaintiff to recover a certain lot of pressed hay alleged to be taken and detained by the defendant.

The plaintiff claims that he purchased the hay of the defendant and took delivery of it in the barn, although he had paid no part of the consideration.

Later the defendant sold the same hay to Merton L. Chase in the barn and received payment in full therefor.  The latter purchaser had no knowledge of the previous sale, and was, accordingly, an innocent purchaser for value.

Arrangements were made by Chase and cars obtained for delivery of the hay at Thompson's Crossing and shipment therefrom; and the hay was delivered at the Crossing, and there deposited when it was replevined.

*Held:*

1.   That at the time of the replevin the hay had been sold to Chase.

2.   That Chase was a bona fide purchaser for value, without notice of the previous sale.

3.   That the hay was delivered to Chase at Thompson's Crossing, and in his possession when taken by the plaintiff.

On report.  This is an action of replevin brought to recover certain pressed hay alleged to be taken and detained by the defendant.  Plea, the general issue of non cepit, with a brief statement alleging title to, and possession of the hay, to be in defendant.  After completing the evidence, by agreement of the parties, the case was reported to the Law Court, with a stipulation that the Law Court should determine, in the event judgment be for the defendant, whether a return of the property replevied should be ordered. Judgment for defendant.

Case stated in the opinion.

*Merrill & Merrill,* for plaintiff.

*Butler & Butler,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

SPEAR, J. This is an action of replevin brought by the plaintiff to recover a certain lot of pressed hay alleged to be taken and detained by the defendant.

The plaintiff claims that he purchased the hay of the defendant and took delivery of it in the barn, although he had paid no part of the consideration.

Later the defendant sold the same hay to Merton L. Chase in the barn and received payment in full therefor. The latter purchaser had no knowledge of the previous sale, and was, accordingly, an innocent purchaser for value. Arrangements were made by Chase, and cars obtained for delivery of the hay at Thompson's Crossing and shipment therefrom; and the hay was delivered at the Crossing, and there deposited when it was replevined. The real question before the court is whether the hay when it was replevined at Thompson's Crossing was in the possession of Lancaster, the defendant, or Merton Chase, the second purchaser.

Assuming, without deciding, that the plaintiff purchased the hay as he claims, then the case may be resolved into three propositions: 1. At the time of the replevin had the hay been sold to Chase? 2. Was Chase a bona fide purchaser for an adequate consideration, without notice of the previous sale? 3. Was the hay delivered to Chase at Thompson's Crossing, and in his possession?

If the defendant sustains the burden upon these propositions the plaintiff cannot sustain his action. We think he does. There can be no controversy upon proof of the first two. The third involves a proposition of law: Was there a delivery of the hay to Chase at Thompson's Crossing? The evidence shows that he ordered cars, employed men to haul the hay, and that the hay was actually deposited at the Crossing when taken. We think this proposition, as a matter of law, is fully sustained by *Mercier* v. *Murchie's Sons Company*, 112 Maine, 72, where it is said: "Whenever personal property is sold deliverable to a particular person or at a particular place for the buyer, a delivery to such person or at such place is a completed delivery to the vendee. The principle is so well settled as to hardly require citation." Under the above

rule of law the undisputed evidence shows a delivery of this hay to Chase at Thompson's Crossing and, as a corollary to delivery, the hay was in his possession and not in that of the defendant.

*Judgment for defendant.*